515 So.2d 957 (1987)
In re Inquiry Concerning a Justice Court Judge Robert C. COOKSEY.
No. 58539.
Supreme Court of Mississippi.
November 18, 1987.
Luther T. Brantley, III, Jackson, for petitioner.
J.P. Coleman, Ackerman, for respondent.
*958 En Banc.
PER CURIAM.
This matter is before the Court upon the motion of the Mississippi Commission on Judicial Performance (hereinafter "Commission") for approval of recommendations with respect to its Inquiry Concerning a Judge, No. 86-101, to-wit: Justice Court Judge Robert C. Cooksey, together with the written Response of Judge Cooksey filed with the Court. By virtue thereof, it appears as follows:
1. That pursuant to a complaint filed with the Commission and the subsequent investigation thereof, the Commission filed a formal complaint on December 16, 1986, against Robert C. Cooksey, Justice Court Judge, Post 2, Webster County, Mississippi, and that on January 5, 1987, Judge Cooksey answered the complaint;
2. That a formal hearing was held before a committee of the Commission, a full and complete transcript of which is contained in the record before this Court;
3. That, upon formal hearing on May 29, 1987, and consideration of the pleadings and agreement of counsel, the committee entered its proposed findings of fact and recommended sanction, a public reprimand by the Supreme Court of Mississippi;
4. That on August 14, 1987, the full Commission adopted the Committee's proposed findings and recommendation;
5. That, pursuant to Section 177A of the Mississippi Constitution of 1890 and Rule 10 A of the Rules of the Mississippi Commission on Judicial Performance, this matter was placed before this Court for its consideration of the decision of the Commission;
6. That Judge Cooksey has stated in writing personally and through counsel that he has no objection or exception to the motion filed by the Commission and that he agrees that it may be accepted by the Supreme Court and that an order may be entered thereon directing the aforesaid public reprimand.
7. That the Commission and Judge Cooksey have filed with the Court an Agreed Statement of Facts and Grounds for Reprimand, to-wit:
FACTS
On Saturday, September 13, 1986, Judge Travis O. Pittman, Justice Court Judge Post 1, Webster County, Mississippi, was holding court in his office at the Webster County Justice Court office. Judge Robert C. Cooksey, Justice Court Judge Post 2, Webster County was also scheduled to hold court that day in his office. Included in the cases set for that day before Judge Pittman were criminal charges filed by the Department of Wildlife Conservation on September 6, 1986, against George Graham, Terry Graham and Stephen Melton for dove hunting violations. George Graham appeared on behalf of himself and the other defendants. Also present in Pittman's office were Wildlife Conservation Officers Thomas Ingram and Terry Thomas, who is the supervisor of wardens for the five county district which includes Webster County, Garvin Deshler, Constable for District 1, Webster County, and Deputy Sheriff Reuben McCloskey. Webster County Prosecuting Attorney Jan Butler and Sheriff Bill Middleton were present for part of the incident.
Judge Pittman called the Graham and Melton cases and George Graham came forward to plead guilty for himself and the other defendants. As Pittman was telling Graham what the fine would be for himself and the other defendants, the Respondent, Judge Robert C. Cooksey, burst into Pittman's office and in a loud and boisterous manner disrupted the court proceedings which were therein in progress. Judge Cooksey accused Judge Pittman and the officers of the Mississippi Department of Wildlife Conservation of forum shopping, saying the officers were guilty of forum shopping and Pittman was guilty of taking their tickets. He threatened to file a complaint against the Wildlife Conservation officers. Cooksey also accused Pittman of trying to take his court date, Saturday, away from him.
After interrupting the proceedings and accusing Judge Pittman of forum shopping *959 and holding court on Saturday, Cooksey, acting as if an advocate for the defendants, stated: "we" want to know what the fines on these subjects are. If the fines are excessive, "we" want to forfeit the bond that I set on these people.
According to all witnesses present, except the Respondent, Cooksey was upset when he entered Pittman's office. He began in a loud voice and became louder as he went. County Attorney Butler was in the clerk's office, heard the loud voices coming from Pittman's office, and entered to see what was going on.
On October 8, 1985, Judge Cooksey had engaged in conduct similar to that described hereinabove. On that occasion he entered Pittman's office and in a loud and boisterous manner made derogatory remarks about Pittman and about the justice court clerk. Cooksey appeared before the Commission for an informal conference on March 20, 1986, for this conduct pursuant to Commission File No. 85-098 and 85-099. The Respondent assured the Commission that such conduct would not recur in the future. At the conclusion of said informal conference, the Commission found the Respondent's conduct to be prejudicial to the administration of justice and to have brought the judicial office into disrepute. The Commission specifically directed the Respondent's attention to Canons 1, 2 and 3 of the Code of Judicial Conduct of Mississippi Judges and considered the matter resolved through informal Commission action.
GROUNDS FOR REPRIMAND
As stated in the Commission's Findings of Fact and Recommendation in Respondent's conduct constitutes a violation of several Canons of the Code of Judicial Conduct of Mississippi Judges. By disrupting court proceedings, therein accusing Judge Pittman and the Wildlife Officers of impropriety, and by acting on behalf of defendant Graham, Judge Cooksey has filed to uphold the integrity and independence of the judiciary as required by Canon 1. By this conduct he also failed to comply with Canon 2 requiring a judge to avoid impropriety and the appearance of impropriety in all his activities and to respect and comply with the law and conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. And while Canon 3 requires a judge to maintain order and decorum and be patient, dignified and courteous to all who come before him, the Respondent disrupted and interfered with the ongoing proceedings of Judge Pittman's court. The Commission found that these violations of the Code of Judicial Conduct of Mississippi Judges constituted conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. Based upon these violations and Judge Cooksey's previous, informal appearance before the Commission, the Commission and the Respondent agreed that the appropriate sanction would be a public reprimand.
8. That the aforesaid Agreed Statement of Facts and Grounds for Reprimand are accepted and approved by the Court.
It is, therefore,
ORDERED:
(a) That Justice Court Judge Robert C. Cooksey, Post 2, Webster County, Mississippi, shall be, and he hereby stands, publicly reprimanded in the form and manner provided by law;
(b) That this Order, together with the findings of fact and recommendations recited herein, shall be published in the Southern Reporter, Mississippi Cases, as an official and permanent reprimand.
ORDER FOR PUBLIC REPRIMAND ENTERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.